**\*Not for Publication**

United States District Court
District of New Jersey

|  |  |  |
|---|---|---|
| HERMANN SERVICES, INC., and HERMANN LEASING COMPANY, | : : : : | Civil Action No.: 08-1213(FLW) |
| Plaintiffs, | : : : | **OPINION** |
| v. | : : |  |
| RESURGENS SPECIALTY UNDERWRITING, INC., | : : : : |  |
| Defendant. | : : |  |

**WOLFSON, United States District Judge:**

      This matter comes before the Court on a motion for summary judgment filed by Defendant Resurgens Specialty Underwriting, Inc. ("RSUI"). In the present case, Plaintiffs Hermann Services, Inc. and Hermann Leasing Company's (collectively "Hermann" or "Plaintiff") seek a declaration of the rights, duties, and liabilities of the parties under the 2005-2006 and 2006-2007 insurance policies with respect to coverage for claims asserted against Herman by a former employee. The main issue in this summary judgment motion is whether RSUI properly denied Hermann coverage when Hermann untimely filed a claim with RSUI. For the reasons set forth below, Defendant's motion for summary judgment is **GRANTED**.

**BACKGROUND FACTS AND PROCEDURAL HISTORY**

Hermann began purchasing liability insurance for its directors and officers from RSUI Indemnity Company in 1998. The policy periods cited in Hermann's complaint are the 2005-2006 coverage in the amount of $1,000,000 in the aggregate for the period March 29, 2005 to March 29, 2006, as well as the 2006-2007 coverage for the period March 29, 2006 to March 29, 2007 in the amount of $1,000,000 in the aggregate. (See Droughton Decl., Exh. "C," "Declarations" page, and "D," "Declarations" page).

The RSUI policies were claims-made policies, which means that RSUI agreed to insure Hermann for claims made against the insured and reported to RSUI during the policy period. (Droughton Dec., Exh. "D," Policy § § I, V). The Insuring Agreement of both policies provides, in relevant part, as follows:

> A.   With the Insured Person that if a Claim for a Wrongful Act is first made against any Insured Person during the Policy Period and reported in accordance with SECTION V. – CONDITIONS, C. Notice of Claim or Circumstances of this policy, the Insurer will pay on behalf of such Insured Person all Loss such Insured Person is legally obligated to pay, except and to the extent that the Insured Organization is required or permitted to indemnify such Insured Persons.
>
> B.   With the Insured Organization that if a Claim for a Wrongful Act is first made against any Insured Person during the Policy Period and reported in accordance with SECTION V. – CONDITIONS, C. Notice of Claim or Circumstances of this policy, the insurer will pay on behalf of the Insured Organization all Loss for which the Insured Organization is required or permitted to indemnify the Insured Person.
>
> C.   With the Insured Organization that if a Claim for a Wrongful Act is first made against the Insured Organization during the Policy Period and reported in accordance with SECTION V. – CONDITIONS, C. Notice of Claim or Circumstance of this policy, the Insurer will pay on behalf of the Insured Organization all Loss the Insured Organization is legally obligated to pay.

Droughton Decl., Exh. "C," p. 3; Exh. "D," p. 3.

On March 20, 2006, Plaintiff received the notice of the complaint filed by a former employee, Clark, against a number of parties, including Plaintiff, in the Superior Court of New Jersey. (See Droughton Decl., Exh. "A," Clarke v. Hermann Leasing Co., et al., Docket No. MID-L-2294-06). When Hermann first received notice of Clark's claim, the 2005-2006 Policy was still in effect. Plaintiff asserts that it was not aware that the acts in Clark's complaint were covered under the policy, and therefore, Hermann did not report the claim to RSUI; instead, Hermann retained counsel to defend against the allegations in the state court complaint. (Droughton Decl., Exh. "B" at 5).

Hermann did not report its claim to RSUI until November 5, 2007, by letter dated October 30, 2007. (See Droughton Decl., Exh. "E"). In response to its late notice, RSUI denied coverage, claiming that Hermann failed to report the claim in a timely manner. More specifically, the letter advised Hermann that it was disclaiming coverage under both of the RSUI policies (the "Disclaimer Letter") because Hermann's claim could only have been covered under the 2005-2006 Policy when Hermann first received notice of the claim during the period of that policy. (See Droughton Decl., Exh. "F," p. 1). The Policy stated that claims must be reported as soon as practicable, but in any event no later than thirty days after the expiration of that Policy. (See Droughton Decl., Exh. "C," p. 8, "D," p. 8). The 2005-2006 Policy expired on March 29, 2006 and the thirty day grace period expired on April 28, 2006. (See Droughton Decl., Exh. "C," "Declarations" page). Therefore, Hermann's report regarding the claim was more than one year and six months after the 2005-2006 Policy's grace period expired. (See Droughton Decl., Exh. "F," p. 1-2; see Droughton Decl., Exh. "E"). Defendant also denied coverage under the 2006-2007 Policy

because the claim was not made during the 2006-2007 policy period, which began on March 29, 2006. (Droughton Decl., Exh. "F," p. 2 and Droughton Decl., Exh. "D," "Declarations" page).

## DISCUSSION

### I.  Standard of Review

"Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 247 F.3d 471, 482 n.1 (3d Cir. 2001) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); accord Fed. R. Civ. P. 56(c).  For an issue to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). For a fact to be material, it must have the ability to "affect the outcome of the suit under governing law." Kaucher, 455 F.3d at 423.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id.; Maidenbaum v. Bally's Park Place,

Inc., 870 F. Supp. 1254, 1258 (D.N.J. 1994). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) (quoting Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991)).  Moreover, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial."  Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). Indeed, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex, 477 U.S. at 322.

Moreover, in deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249. Credibility determinations are the province of the fact finder. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

**II.     Whether RSUI's Policies Afford Coverage to Plaintiff for the Underlying Action**

In its motion, Defendant first asserts that the insurance policies in dispute are unambiguous and plainly state that the all claims must be both made and reported within the same policy period as conditions precedent to coverage. The employment claim

against Plaintiff was made during the 2005-2006 policy period, which ran from March 29, 2005 through March 29, 2006, yet the claim was not reported until November 5, 2007. Because the 2006-2007 policy expired on March 29, 2007, Defendant correctly argues that the coverage was properly denied since the insurance claim was reported after both RSUI policies and their respective grace periods had expired. Moreover, Defendant submits that Plaintiff and RSUI negotiated limited coverage in exchange for a lower price, and therefore, any extension of the notice period under the RSUI policies would constitute an un-bargained for expansion of coverage. Defendant further asserts that the clear and unambiguous terms of the RSUI policies must be enforced as written. For support, Defendant cites the cover page of the RSUI Policies state:

> NOTICE: THIS IS A CLAIMS MADE AND REPORTED POLICY THAT APPLIES ONLY TO THOSE CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD AND REPORTED TO THE INSURER DURING THE POLICY PERIOD OR WITHIN THIRTY (30) DAYS THEREAFTER. THE LIMIT OF LIABILITY AVAILABLE TO PAY LOSS SHALL BE REDUCED OR TOTALLY EXHAUSTED BY PAYMENT OF DEFENSE EXPENSES.

Droughton Decl., Exh. "C," p. 1.

This Court must first examine the insurance contract in dispute to determine whether ambiguity exists. See Pittson Co. Ultramar America Ltd. V. Allianz Ins. Co., 124 F.3d 508, 520 (3rd Cir. 1997) (citing Oritani Sav. & Loan Assoc. v. Fidelity & Deposit Co. of Md., 989 F.2d 635, 637-38 (3d Cir. 1993)). Indeed, this is a question of law for the court. Id. Hermann can only establish ambiguity by offering more than "a possible alternative reading of the contract; [Hermann] must also offer an objectively reasonable reading of the disputed passage." Id. Where genuine ambiguity exists, the language of the

contract must be interpreted in favor of the insured and liberally construed to avoid "'technical encumbrances or to hidden pitfalls…'" Royal Ins. Co. of Am. v. KSI Trading Corp., 563 F.3d 68, 74 (3d Cir. 2009) (quoting Meier v. N.J. Life Ins. Co., 101 N.J. 597 (1986)). Similarly consistent with favoring the insured, "'if the clause in question is one of exclusion or exception, designed to limit the protection, a strict interpretation is applied.'" Cooper Laboratories, Inc. v. International Surplus Lines Ins. Co., 802 F.2d 667, 672 (3d Cir. 1986) (quoting Mazzilli v. Acci. & Casualty Ins. Co., 170 A.2d 800, 804 (N.J. 1961)). Where ambiguity does not exist, this Court must enforce clear language in the contract, so as not to make a better contract for either Hermann or RSUI. See Id. (quoting State v. Signo Trading Int'l, Inc., 130 N.J. 51 (1992)).

Plaintiff argues that late notice will not void an insurance policy unless there is both a breach of the notice condition and a substantial likelihood of appreciable prejudice to the insurer. See Gazis v. Miller, 186 N.J. 224 (2006). According to this test, appreciable prejudice exists where: (1) substantial rights of the insurer have been "irretrievably lost;" and (2) the insurer can show a likelihood of success in defending against the victim's claim. Morales v. National Grange Mutual Ins. Co., 176 N.J. Super. 347, 355-56 (Law Div. 1980). In determining whether prejudice exists, a court should consider such factors as "the availability of witnesses, the ability to discover information regarding the location of the accident, any physical changes in the scene during the delay, the existence of official reports concerning the occurrence, the preparation and preservation of demonstrative and illustrative evidence such as vehicles or photographs, and the ability of experts to reconstruct the scene." Id.

Typically, the determination of whether an insured gave notice to its insurer within a reasonable time, "depends on the facts and circumstances of the particular case, and is a question of fact for resolution by the jury or fact-finder." Figueroa v. Puter, 83 N.J. Super. 349, 354 (App. Div. 1964). The New Jersey Supreme Court, however, opined that "the insured does not lose the agreed policy protection if he omits to give notice because he reasonably and in good faith believes no claim against him is contemplated either because the damage is trivial or because there is no suggestion in the circumstances that he is causally involved. This accords with the reasonable expectation of the parties to the insurance arrangement." Cooper v. Government Employees Ins. Co., 51 N.J. 86, 90 (1968).

Hermann suggests that when RSUI denied coverage, its reasonable expectation of "seamless coverage" was not honored. More specifically, Hermann erroneously asserts that it expected coverage during the renewal period for claims made during the prior policy period but reported during the renewal period, because the renewal period extended the original period of coverage. Hermann reasons that since there was not a "breach of the notice provision and a likelihood of appreciable prejudice," there are no grounds to deny coverage. See Cooper v. Government Employees Ins. Co., 51 N.J. 86, 94 (1968).

Plaintiff's arguments are without merit. RSUI was clear and unambiguous in the conditions it imposed in both policies. First, the declarations page plainly states the policy period: for the 2005-2006 Policy, the policy period ran from March 29, 2005 to March 29, 2006, while the 2006-2007 Policy ran from March 29, 2006 to March 29, 2007. (See Droughton Decl., Exh. "C" and "D"). The terms of each policy unequivocally require Plaintiff to notify RSUI of any claims made during that policy period within thirty days of

the policy's expiration[1]. Plaintiff reported the claim after both policies and their respective grace periods had expired. In fact, Plaintiff reported the claim almost *seven months* after the expiration of the 2006-2007 policy's thirty-day grace period. Morever, Plaintiff's reliance on the "late notice" defense is without merit since Plaintiff reported Clark's claim to RSUI when the coverage periods had clearly expired.

        Similarly, language in the "Insuring Agreements" section is compellingly clear and indicates that any claim must be filed within the policy period to qualify for coverage. A, B and C of this section state that the insured agreement only covers those claims "first made against any Insured Person <u>during the Policy Period</u> and reported in accordance with SECTION V. – CONDITIONS, C. Notice of Claim or Circumstance of this policy…" (<u>See</u> Droughton Decl., Exh. "C," pg. 3 and "D," pg. 3) (emphasis added). As such, the terms of each RSUI policy clearly require Plaintiff to notify RSUI of any claims made during that policy period within thirty days of the policy's expiration. Plaintiff is incorrect when it claims that RSUI's lack of a definition for the term "renewal" implies "seamless coverage". Rather, RSUI's mention of "renewal" does not in any way affect the explicit and clear language within the contract requiring notice no later than thirty days of the policy's expiration. This Court will enforce the policy as written; Plaintiff's expectation of coverage is unreasonable when it fails to contradict the clear and unambiguous terms of the policy in question. <u>See</u> <u>State v. Signo Trading Int'l, Inc.</u>, 130 N.J. 51, 62-63 (1992) ("[C]ourts should resort to the doctrine of reasonable expectations only when 'the

---

[1]   C.   Notice of Claim or Circumstance
       1.   If, during the Policy Period or Discovery Period (if applicable), any Claim is first made, it shall be a condition precedent to the Insurer's obligation to pay, that the Insured give written notice of such Claim to the Insurer (via certified mail at the address shown on the Declarations Page) as soon as practicable after such Claim is first made, but earlier cancellation date of this policy.

phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage.'") (citing Weedo v. Stone-E-Brick, Inc., 81 N.J. 233 (1979)). Here, the terms of coverage are clear and unambiguous, and thus, Plaintiff's arguments fail in this regard.

New Jersey law also supports Defendant's position. In Zuckerman v. National Union Fire Ins. Co., 100 N.J. 304, 324 (1985), the New Jersey Supreme Court held that the requirement of notice of claims made during the policy period must be strictly enforced so as to bar coverage for those claims reported to the company subsequent to the expiration date of the policy. In that case, coverage was denied because appellant was served with a summons and complaint three months before his policy expired but did not give notice of the claim until ten months after the policy expiration date. Id. at 307. This case is analogous to Zimmerman; in actuality, the facts in this case are more damning for Hermann since it did not give notice until **both** RSUI policies expired. An extension of the notice period in favor of Hermann would "constitut[e] an unbargained-for expansion of coverage, gratis, resulting in the insurance company's exposure to a risk substantially broader than that expressly insured against in the policy." Id. at 324. This unbargained-for expansion would unjustly advantage the insured since "such an expansion in the coverage provided by 'claims made' policies would significantly affect…the cost of 'claims made' insurance.'" Id.

Furthermore, Insite-Properties, Inc. v. Jay Phillips, Inc., 271 N.J. Super. 380, 386 (App. Div. 1994), supports a determination of no coverage. There, the insured purchased three, twelve-month professional services liability insurance policies from the insurer, effective December 6, 1989, 1990 and 1991, respectively. Each policy provided:

> This is a Claims Made Policy. The Company will pay on behalf of the Insured all sums in excess of the Retention stated in the Declarations which the Insured shall become legally obligated to pay as Loss as a result of any Claim(s) first made against the Insured and reported to the Company during the Policy Period . . . .

Id. at 382. While there was an issue of fact with respect to whether the insurance company had notice of the claim during the second policy period, the Appellate Division stated that if the insured received the claim during the second policy period, then there was no coverage because notice was not timely forwarded to the carrier.[2] Id. The court further explained that the policy required notice of the claim within the same policy period in which it was received. Id. at 386. Directly dispensing of Hermann's contention of "seamless coverage," the Insite court concluded that:

> JPI nevertheless asserts that it had a reasonable expectation of coverage during the third policy period because it was an extension of a prior policy and extended that coverage into the period in which the claim was reported. Hence JPI contends that, notwithstanding the factual dispute relating to when the claim was first received, it was entitled to summary judgment. The trial judge agreed, and concluded that there was coverage so long as the claim was reported during the third policy period. We disagree.

Id. at 386 (emphasis added). According to the above quoted language, Insite directly applies to the present case. In Insite, the coverage was denied when the claim was reported in the third policy period, but the insured had notice of the claim during the second policy period. Here, Plaintiff unfortunately reported the claim after the expiration of the 2005-2006, as well as the 2006-2007 policy terms.[3]

---

[2]   In fact, the carrier was only informed of the claim in the third policy period. Insite, 271 N.J. Super. at 384.

[3]   Moreover, Plaintiff's factual assertions do not support its argument regarding "seemless coverage" because the notice was provided after the expiration of the 2006-2007 Policy. Importantly, nowhere does Plaintiff aver that the notice was given during another renewal period. More simply stated, Plaintiff's RSUI policy had expired and it

11

Even accepting Plaintiff's argument regarding "seamless coverage," the notice of the claim must be reported "as soon as practicable after such Claim is first made, but in no event shall such notice be given later than thirty (30) days after either the expiration date or any earlier cancellation date of this policy." (See Droughton Decl., Exh. "C," p. 8 and "D," p. 8). Plaintiff's only explanation for the delay in notice is that one of its employees did not believe the acts in the state court complaint were covered under the policy, and therefore did not report the claim to RSUI in March 2006. It was not until months later, in October 30, 2007, after the renewal period of 2006-2007 policy had expired, that Hermann allegedly became aware that Clark's claims were covered under the policy, and then reported it to RSUI.  Plaintiff fails to provide any reasonable explanation for that delayed understanding and untimely notice and therefore, the claim was not reported as soon as practicable.  Indeed, Plaintiff never disputed that both RSUI policies covered the claims asserted against it by its former employee.  Had Plaintiff timely tendered the insurance claim to RSUI, it was the understanding of both parties that the claim would have been covered.

Accordingly, Plaintiff's failure to report the claim as soon as practicable (in light of the fact that the Clark complaint was clearly covered under RSUI's policy) necessitates this Court to grant Defendant's summary judgment motion.

An appropriate order shall follow.


Date:  August 3, 2009                                  /s/ Freda L. Wolfson                
                                                       The Honorable Freda L. Wolfson,
                                                       United States District Judge

---

failed to timely inform RSUI of the claim.